UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEVIN SCHWEER and KIM SCHWEER, | : | DOCKET NO.: 3:22-cv-04973 |
| Plaintiff, | : | *Civil Action* |
| -vs- | : | |
| SANDY ALUSINE, JB HUNT TRANSPORT, JOHN DOES 1-100 (fictitious names) and ABC COMPANIES 1-100 (fictitious names), | : | **ANSWER TO COMPLAINT WITH CROSSCLAIMS** |
| Defendant(s). | : | |

**ANSWER OF DEFENDANT, J.B. HUNT TRANSPORT, INC.**

Defendant, **SANDY ALUSINE and J.B. HUNT TRANSPORT, INC. s/h/a JB HUNT TRANSPORT**, by and through their attorneys, RAWLE & HENDERSON LLP, as and for their answer to plaintiff's complaint, respectfully allege upon information and belief as follows:

**FIRST COUNT**

1. Denied. Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 1 of Count I of the complaint and strict proof is demanded a trial.

2. Denied. Answering defendants deny the allegations contained in Paragraph 2 of Count I of the complaint and strict proof is demanded at trial.

**WHEREFORE**, answering defendants demand judgment be entered in their favor and against plaintiffs, dismissing plaintiffs' complaint with prejudice as to defendants, together with

an award of costs and disbursements incurred by defendants, and putting attorneys' fees together with such other relief as that this Hon. Court shall deem appropriate under the circumstance.

## SECOND COUNT

1. As to Paragraph 1 of the second count of plaintiff's complaint, defendants repeat, reiterate and reallege each and every answer herein as if fully set forth at length.

2. Admit. Answering defendants admit the allegations contained in Paragraph 2 of Count II of the complaint and strict proof is demanded at trial.

3. Denied. Answering defendants deny the allegations contained in Paragraph 3 of Count II of the complaint and strict proof is demanded at trial.

**WHEREFORE**, answering defendants demand judgment be entered in their favor and against plaintiffs, dismissing plaintiffs' complaint with prejudice as to defendants, together with an award of costs and disbursements incurred by defendants, and putting attorneys' fees together with such other relief as that this Hon. Court shall deem appropriate under the circumstance.

## THIRD COUNT

1. As to Paragraph 1 of the third count of plaintiff's complaint, defendants repeat, reiterate and reallege each and every answer herein as if fully set forth at length.

2. Denied. Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 2 of Count III of the complaint and strict proof is demanded a trial.

3. Denied. Answering defendants deny the allegations contained in Paragraph 3 of Count III of the complaint and strict proof is demanded at trial.

16195465-1

**WHEREFORE**, answering defendants demand judgment be entered in their favor and against plaintiffs, dismissing plaintiffs' complaint with prejudice as to defendants, together with an award of costs and disbursements incurred by defendants, and putting attorneys' fees together with such other relief as that this Hon. Court shall deem appropriate under the circumstance.

## FOURTH COUNT

1. As to Paragraph 1 of the fourth count of plaintiff's complaint, defendants repeat, reiterate and reallege each and every answer herein as if ore fully set forth at length.

2. Denied. Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 2 of Count IV of the complaint and strict proof is demanded a trial.

**WHEREFORE**, answering defendant demands judgment be entered in their favor and against plaintiff, dismissing plaintiff's complaint with prejudice as to defendant, together with an award of costs and disbursements incurred by defendant, and putting attorneys' fees together with such other relief as that this Hon. Court shall deem appropriate under the circumstances.

## SEPARATE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's damages, if any, were the result of an unavoidable accident or sudden emergency.

3. Plaintiff's damages must be reduced by the percentage of Plaintiff's own comparative and/or contributory negligence.

4. Plaintiff has failed to mitigate her damages.

5.  Plaintiff's claims are limited or barred by the terms of the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1.

6.  Answering Defendant breached no duty of care to Plaintiff.

7.  The injuries and/or damages alleged by Plaintiff were caused solely or in part by Plaintiff's own negligence.

8.  No conduct on the part of answering Defendant caused or contributed to Plaintiff's injuries or damages.

9.  Any damages sustained by Plaintiff were entirely or substantially caused by the negligence of Plaintiff or the negligence of other persons or parties for whom answering Defendant had no responsibility.

10. The injuries and/or damages complained of by Plaintiff pre-existed or were sustained subsequent to the accident which is the subject matter of the Complaint.

11. Service of Process was improper and/or insufficient.

12. Plaintiff's claims are barred and/or limited by the Entire Controversy Doctrine as set forth in Rule 4:30A of the New Jersey Rules of Civil Procedure.

13. Plaintiff's claims are barred and/or limited by the applicable Statute of Limitations.

14. Plaintiff's claims against answering Defendant are barred by the New Jersey Law of Assumption of the Risk.

15. Plaintiff was negligent in failing to wear a seat belt, the non-use of which was the sole cause, or a substantial contributing factor to the cause, of the accident and/or injuries.

16. Plaintiff has failed to diligently identify John Doe (1-10) and/or (ABC Corp (1-10).

17. Plaintiff's claims are barred by USC 30106 (the Graves Amendment).

**WHEREFORE**, answering defendant respectfully requests that this Honorable Court dismiss plaintiff's Complaint with prejudice, deny the relief requested therein, enter judgment in favor of said defendant and against plaintiff, and grant such other and further relief as this Honorable Court deems just and proper.

## RESERVATION OF DEFENSES

1. Answering defendants hereby reserve the right to assert any of the defenses and/or claims that are or may in the future be warranted against any and all parties presently named, and/or in the future to be named in the underlying controversy.

## CROSS-CLAIM FOR CONTRIBUTION AGAINST JOHN DOES 1-100 (fictitious names) and ABC COMPANIES 1-100 (fictitious names)

2. Without admitting any liability herein, answering defendants demand contribution from all co-defendants presently or hereinafter named who are not represented by this law firm under the Joint Tortfeasors Contribution Act, N.J.S.A. 2A: 53A-1 et seq., the New Jersey Comparative Negligence Act, N.

**WHEREFORE,** defendants, **SANDY ALUSINE and J.B. HUNT TRANSPORT, INC. s/h/a JB HUNT TRANSPORT**, demand judgment against and contribution from any and all co-defendants for contribution, together with interest, counsel fees, costs and such other relief as this court deems appropriate.

## CROSS-CLAIM FOR COMMON LAW INDEMNIFICATION

1. Although defendants, **SANDY ALUSINE and J.B. HUNT TRANSPORT, INC. s/h/a JB HUNT TRANSPORT**, deny any liability whatsoever on its part, if judgment is recovered by the plaintiff against these defendants, it is hereby asserted that its negligence, if any, was not morally culpable, but was merely constructive, technical, impeded or vicarious, and that plaintiff's damages arose through the direct and primary negligence of the other co-defendants, if any.

16195465-1

Said co-defendants are therefore obligated and by operation of law and contract and otherwise to defend and indemnify these answering defendants and hold the answering defendants harmless from any and all claims which are the subject of this lawsuit.

**WHEREFORE**, defendants, **SANDY ALUSINE and J.B. HUNT TRANSPORT, INC. s/h/a JB HUNT TRANSPORT**, demand judgment against, and indemnification from any and all co-defendants, together with interest and counsel fees, costs and such other relief as the court deems appropriate.

### ANSWER TO CROSS-CLAIMS v. JOHN DOES 1-100 (fictitious names) and ABC COMPANIES 1-100 (fictitious names)

2. Answering defendants deny that they are responsible for indemnification and/or contribution to co-defendants or any third-party defendants on any cross-claim that is presently asserted against them or may be asserted against them in the future.

### AFFIRMATIVE DEFENSES TO CROSS-CLAIMS

3. Answering defendants assert each and every affirmative defense set forth above in response to each and every cross-claim asserted against them now or in the future.

### DESIGNATION OF TRIAL ATTORNEY

**PLEASE TAKE NOTICE** that pursuant to the provisions of the rules governing the courts of the State of New Jersey, Anthony D. Luis, Esq. is hereby designated as the attorney who will try this case.

### DEMAND FOR TRIAL BY JURY

**PLEASE TAKE NOTICE** that defendants hereby demand a trial by jury of twelve (12) persons as to all issues pursuant to the rules of this court.

16195465-1

**DEMAND FOR COMPLIANCE WITH RULES 1:5-1(a) & 4:17(c).**

**PLEASE TAKE NOTICE** that the undersigned attorney, counsel for the defendants, hereby demand, pursuant to the provisions of Rule 1:5-1(a) and 4:17-4(c) that each party serving pleadings or interrogatories and receiving responses thereto, shall serve copies of all such pleadings, interrogatories and responses thereto upon the undersigned and

**FURTHER, TAKE NOTICE** that this is a continuing demand.

**DEMAND FOR DAMAGES CLAIMED**

**PLEASE TAKE NOTICE** that answering defendants demand of plaintiff within five (5) days of the date of this notice, a written specification of the amount of damages claimed in the within action pursuant to R.4:52.

**NOTICES OF OTHER ACTIONS**

Pursuant to the provisions of Rule 4:5-1(a), I hereby certify as follows:

1. The matter in controversy is neither the subject of any other pending action in any court nor a pending arbitration proceeding.

I certify that the foregoing statements I have made are true. I am aware that if any of the statements I have made are willfully false, I am subject to punishment.

Dated: New York, New York
August 9, 2022

_____
Anthony D. Luis, Esq.
Attorney No.: 057692014
aluis@rawle.com
**RAWLE & HENDERSON LLP**
Attorneys for Defendants
**SANDY ALUSINE and J.B. HUNT TRANSPORT, INC. s/h/a JB HUNT TRANSPORT**

16195465-1

**RAWLE & HENDERSON LLP**
14 Wall Street, 27th Floor
New York, New York 10005-2101
Telephone No.: 1 (212) 323-7070
Fax No.: 1 (212) 323-7099
Our File No.: 720657

16195465-1